## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

           **v.**                   **CRIMINAL NO.** 09-364 (FAB)

JOSEPH McCLOSKEY DIAZ, *et al.*,

    **Defendants**.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

## I.    PROCEDURAL HISTORY

The United States filed the following motions *in limine* on July 4, 2011 (Docket No. 421):

1.   motion to preclude evidence or argument regarding the unrelated wrongdoing of others;

2.   motion to preclude evidence or argument suggesting that the victim financial institutions invited or could have prevented the charged fraud;

3.   motion to preclude a "reliance" defense absent a *prima facie* showing by the relevant defendant that (a) all relevant information was provided to the purported advice-givers and (b) the relevant defendant in good faith relied on such advice actually given;

4.    motion to preclude any lay witness from testifying about a defendant's mental state or offering a defendant's out-of-court statements;

5.    motion to preclude the defendants from offering the out-of-court statements of themselves, each other, or their co-conspirators;

6.    motion to allow cross-examination of defendants' character witnesses about specific instances of conduct; and

7.    motion to preclude jury nullification arguments in general.

Defendant McCloskey filed an opposition to the government's motions *in limine* on July 9, 2011.  (Docket No. 436.)  Defendant McCloskey also filed a motion for a *prima facie* showing of a "reliance defense" in direct response to the government's motion *in limine* on July 12, 2011.  (Docket No. 437.)  On July 18, 2011, defendant Mestey-Villamil's request to join McCloskey's response was granted.  (Docket No. 450.)  On July 19, 2011, defendant Millan-Garcia's request for joinder was granted.[1]  (Docket No. 452.)  The Court addresses each of the government's motions in turn.

---

[1]  Defendant Millan-Garcia has subsequently pled guilty pursuant to a plea agreement.  (Docket No. 521)

**DISCUSSION**

**1.   Motion to preclude evidence or argument regarding the unrelated wrongdoing of others**

The government seeks to preclude the defendants from raising any arguments "that they should be acquitted because others have committed mortgage fraud as well."   (Docket No. 421 at 3.) Defendant McCloskey claims to oppose this motion, but makes no legal or factual arguments as to why the government's request should be denied.  (Docket No. 436.)  As the government stated, the Supreme Court has held that "the Government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985) (quoting United States v. Goodwin, 457 U.S. 368, 380, n. 11 (1982)).  "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  Id. (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).  The First Circuit Court of Appeals affirmed a district court's decision to limit the cross examination of a witness by defendant where the government maintained that the government's decision not to prosecute the witness for his earlier arrests was not the product of an agreement to cooperate.  United

States v. Corrales, 19 F.3d 1427, 1994 WL 102397 (1st Cir. 1997)

(unpublished table decision) (finding that where the witness's

motives for testifying were fully disclosed, district court did not

err in limiting defendant's cross-examination of witness regarding

his previous arrests).  For the reasons stated, the government's

request to preclude evidence regarding the unrelated wrongdoing of

others is **GRANTED**.

2.   **Motion to preclude evidence or argument suggesting that the victim financial institutions invited or could have prevented the charged fraud**

The government also moves this Court to preclude defendants

from introducing evidence that suggests that the victim financial

institutions invited or could have prevented the charged fraud.

Defendants argue that granting the government's motion would be

improper, because in none of the cases cited by the government do

the courts "fully preclude defendants from addressing issues

related to the participation of the victims in the loss . . . ."

(Docket No. 436 at 3.)  The Court agrees with the defendants.  The

three cases cited by the government illustrate scenarios in which

a district court's decision to limit a defendant's questioning and

argument on the participation of a victim in a crime was upheld.

(Docket No. 421 at 4-5.)  Most importantly, the cases all involved

fact-specific scenarios in which the district court used its

judgment to limit a particular line of argument or evidence. See

United States v. Moore, 923 F.2d 910, 917 (1st Cir. 1991)

(upholding district court's instruction to the jury "that it is not

a defense to claim that the bank might have prevented its losses

had it had better 'internal controls or procedures'", and finding

that the instruction was suitable based on defendant's cross

examination of some of the witnesses); United States v. Winkle, 477

F.3d 407, 418 (6th Cir. 2007) (upholding district court's decision

to refuse admission of FDIC report into evidence because its slight

probative value was outweighed by its danger of confusing the

jury); United States v. Callipari, 368 F.3d 22, 36-37 (1st Cir.

2004) (upholding district court's decision to limit defendant's

line of questioning during cross-examination based "on the well-

founded concern that suggestions of 'blaming the victim' might turn

into a 'fishing expedition' that would confuse the issues for the

jury and unfairly prejudice the government's case.")  The Court

finds that while there is ample case law suggesting that a district

court has wide discretion in limiting evidence or argument

suggesting that the victim financial institution invited or could

have prevented the fraud, there is no basis for the Court to grant

a blanket order regarding such evidence at this junction.  The

Court will deal with these issues as they arise during the course

of trial.  As such, the government's motion is **DENIED without**

**prejudice** of it being raised at trial if and when necessary.

**3.    Motion to preclude a "reliance" defense absent a *prima facie*
       showing by the relevant defendant**

The government next moves this Court to preclude a "reliance"

defense by any defendant absent a *prima facie* showing.  The

government cites a plethora of cases that stand for the proposition

that a defendant is not entitled to a "reliance" defense

instruction unless he can establish that "(i) he relied in good

faith on a professional, and (ii) he made complete disclosure of

all the relevant facts."  United States v. Masat, 948 F.2d 923, 930

(5th Cir. 1991); see also United States v. Tandon, 111 F.3d 482,

490 (6th Cir. 1997); United States v. Schmidt, 935 F.2d 1440, 1449

(1st Cir. 1991).  Defendant McCloskey has provided a sworn

statement from his legal advisor alleging a *prima facie* showing of

his defense of advice of counsel.  (Docket No. 437.)  The

government provides no legal authority to support their request

that the Court must require a *prima facie* showing of the defense

"outside the hearing of the jury."  (Docket No. 421 at 7.)  In

fact, the cases cited by the government include fact scenarios

where the district court refused to instruct the jury on a theory

of defense because the defendant had failed to establish an

evidentiary foundation for the defense.  Needless to say, the Court

will not issue a "reliance" defense instruction to the jury unless

the relevant defendant has established a sufficient foundation to

support such a defense.   The government's request to preclude

evidence on the matter is preemptive and the government's motion is

**DENIED without prejudice** of it being raised at trial if and when

necessary.

**4.   Motion to preclude any lay witness from testifying about a defendant's mental state or offering a defendant's out-of-court statements**

The government seeks to preclude lay witnesses from testifying

about a defendant's mental state, specifically, that the defendant

did not have fraudulent intent, or offering a defendant's out-of-

court statements.   The defendants have filed no response to this

specific motion.   The government accurately states the principle

articulated by the Second Circuit Court of Appeals in United States

v. Rea, that "[w]hen the issue is a party's knowledge . . . we

suspect that in most instances a proffered lay opinion will not

meet the requirements of Rule 701."  958 F.2d 1206, 1216 (2nd Cir.

1992).  Applying this principle, however, does not lead the Court

to exclude preemptively all potential lay witness testimony that

the defendant may seek to introduce.  See United States v. Hauert,

40 F.3d 197, 201-202 (7th Cir. 1994) (upholding district court's

decision allowing opinion testimony that defendant was honest, sincere and a good person generally, but barring testimony about his "subjective sincerity" and "good faith" belief.)  The Court will review lay witness testimony on a case-by-case basis under Federal Rule of Evidence 701, which states that lay witness testimony in the form of opinions or inferences is limited to that which is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  The Court will also review witness testimony under Federal Rule of Evidence 403.  Accordingly, this matter is more appropriately dealt with as it comes up in trial, and the government's motion is therefore **DENIED without prejudice** of it being raised at trial if and when necessary.

**5.    Motion to preclude the defendants from offering the out-of-court statements of themselves, each other, or their co-conspirators**

The government also seeks to preclude the defendants from offering out-of-court statements of themselves, each other, or their co-conspirators, because those statements are considered hearsay under Federal Rule of Evidence 801.  The government correctly notes that any out-of-court statements offered by the

defendants made by themselves, their co-defendants, or their co-conspirators would not qualify as exception to the hearsay rule as an "admission by a party opponent" under Rule 801(d)(2).  While the government may seek to admit such testimony under Rule 801(d)(2), as a party opponent, the defendants cannot.  The Court will address the merits of any argument raised by defendants arguing that such testimony is subject to another exception to the hearsay rule under Federal Rule of Evidence 803 as it arises during trial.  The government's motion to preclude defendants from introducing out-of-court statements made by a defendant, a co-defendant, or a co-conspirator is **GRANTED** to the extent that defendants do not raise any valid exceptions to the hearsay rule that would allow the Court to admit such testimony.

6. **Motion to allow cross-examination of defendants' character witnesses about specific instances of conduct**

The government moves the Court to allow cross-examination of defendants' character witnesses about specific instances of conduct.  According to Federal Rule of Evidence 405(a) and Supreme Court precedent, if the defendant introduces character testimony through a witness, the defendant's witness is subject to cross-examination by the government, including a line of inquiry into "specific instances of conduct".  See United States v. Kinsella, 545 F.Supp.2d 158, 161 (D.Me. 2008) (citing Michelson v. United

States, 335 U.S. 469, 475 (1948)).  The government's motion is **GRANTED**.

**7.   Motion to preclude jury nullification arguments in general**

The government also moves the Court to preclude the defense from raising arguments generally related to jury nullification during trial.  The First Circuit Court of Appeals has held that if defense counsel chooses to encourage jurors to nullify the law, the Court shall step in and "block defense attorneys' attempts to serenade a jury with the siren song of nullification."  United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) (affirming the district court's decision to "instruct the jury on the dimensions of their duty to the exclusion of jury nullification."). Other circuit courts have similarly held that a district court has the authority to prevent a party from raising jury nullification arguments at trial.  See United States v. Thompson, 253 F.3d 700, at *16 (5th Cir. 2001) (unpublished table decision); United States v. Rosenthal, 454 F.3d 943, 946-7 (9th Cir. 2006); United States v. Moss, 297 F. App'x 839, 841 (11th Cir. 2008).   Thus, the government's motion is **GRANTED** and the defendants are precluded from raising jury nullification arguments at trial.

**CONCLUSION**

For the reasons discussed above, the Court **GRANTS IN PART** and

**DENIES IN PART** the government's motions *in limine*.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 14, 2011.


                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge